# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | |
|---|---|
| UNILOC USA, INC. and UNILOC LUXEMBOURG S.A., <br><br> Plaintiffs, <br><br> v. <br><br> TEXAS HEALTH RESOURCES and TEXAS HEALTH PRESBYTERIAN HOSPITAL DENTON, <br><br> Defendants. | CIVIL ACTION NO. 6:16-cv-431 <br><br> **JURY TRIAL DEMANDED** |

## PLAINTIFFS' COMPLAINT FOR PATENT INFRINGEMENT

Plaintiffs Uniloc USA, Inc. ("Uniloc USA") and Uniloc Luxembourg S.A. ("Uniloc Luxembourg") (collectively, "Uniloc") file this Original Complaint against Texas Health Resources ("THR") and Texas Health Presbyterian Hospital Denton ("Texas Health Denton") (collectively "Defendants") for infringement of U.S. Patent Nos. 5,682,526 ("the '526 patent") and 5,715,451 ("the '451 patent").

## THE PARTIES

1. Uniloc USA, Inc. ("Uniloc USA") is a Texas corporation with its principal place of business at Legacy Town Center I, Suite 380, 7160 Dallas Parkway, Plano, Texas 75024.  Uniloc USA also maintains a place of business at 102 N. College, Ste. 806, Tyler, Texas 75702.

2. Uniloc Luxembourg S.A. ("Uniloc Luxembourg") is a Luxembourg public limited liability company, with its principal place of business at 15, Rue Edward Steichen, 4th Floor, L-2540, Luxembourg (R.C.S. Luxembourg B159161).

3. Uniloc Luxembourg and Uniloc USA are collectively referred to as "Uniloc." Uniloc has researched, developed, manufactured, and licensed information security technology solutions, platforms and frameworks, including solutions for securing software applications and digital content. Uniloc owns and has been awarded numerous patents for its research and development. Uniloc's technologies enable, for example, software and content publishers to securely distribute and sell their high-value technology assets with maximum profit to its customers and/or minimum burden to legitimate end-users. Uniloc's technologies are used in several markets including, for example, electronic health record software, software and game security, identity management, intellectual property rights management, and critical infrastructure security.

4. THR, a Texas corporation, is a health care delivery system operating in the North Texas region with its principal place of business at 612 E. Lamar Boulevard, Suite 600, Arlington, Texas 76011. Upon information and belief, THR does business in the State of Texas and in the Eastern District of Texas. THR's business in the State of Texas is evidenced in part by its maintenance of multiple business locations in Texas, including Plano, Allen, Flower Mound and Denton businesses each located in the Eastern District of Texas. THR may be served with process through its registered agent, Donald B. Collins, 612 E. Lamar Boulevard, Suite 600, Arlington, Texas 76011.

5. Texas Health Denton is a Texas corporation with its principal place of business at 3000 N Interstate 35 Denton, Texas, 76201. Texas Health Denton may be served with process through its registered agent, Donald B. Collins, 612 E. Lamar Boulevard, Suite 600, Arlington, Texas 76011. Upon information and belief, Texas Health Denton does business in the State of Texas and in the Eastern District of Texas. Texas Health Denton's business in the State of Texas

is evidenced in part by its address and maintenance of a registered agent in Texas at 612 E. Lamar Boulevard, Suite 600, Arlington, Texas 76011.

## JURISDICTION AND VENUE

6. Uniloc brings this action for patent infringement under the patent laws of the United States, namely 35 U.S.C. §§ 271, 281, and 284-285, among others. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338(a), and 1367.

7. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(c) and 1400(b). On information and belief, Defendants are deemed to reside in this judicial district, have committed acts of infringement in this judicial district, have purposely transacted business involving its accused products in this judicial district and/or, have regular and established places of business in this judicial district.

8. Defendants are subject to this Court's personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to its substantial business in this State and judicial district, including: (A) at least part of their infringing activities alleged herein; and (B) regularly doing or soliciting business, engaging in other persistent conduct, and/or deriving substantial revenue from goods sold and services provided to Texas residents.

## COUNT I
### (INFRINGEMENT OF '526 PATENT)

9. Uniloc incorporates paragraphs 1 through 8 herein by reference.

10. Uniloc Luxembourg is the owner, by assignment, of the '526 patent, entitled "METHOD AND SYSTEM FOR FLEXIBLY ORGANIZING, RECORDING, AND DISPLAYING MEDICAL PATIENT CARE INFORMATION USING FIELDS IN FLOWSHEET." A true and correct copy of the '526 patent is attached as Exhibit A.

11.     Uniloc USA is the exclusive licensee of the '526 patent with ownership of all substantial rights in the '526 patent, including the right to grant sublicenses, exclude others and to enforce, sue and recover damages for past and future infringements.

12.     The '526 patent is valid, enforceable and was duly issued in full compliance with Title 35 of the United States Code.

13.     On information and belief, to the extent any marking was required by 35 U.S.C. § 287, Uniloc and all predecessors in interest to the '526 patent complied with any such requirements.

14.     Defendants directly or through intermediaries have infringed and continue to infringe (literally and/or under the doctrine of equivalents) one or more claims of the '526 patent in this judicial district and elsewhere in Texas, including at least Claim 4, without Uniloc's consent or authorization. The infringing products include, as non-limiting examples, the products and services in listed in Exhibit C, which are not licensed under the '526 Patent or '451 Patent, and have received federal certification by the Office of the National Coordinator (ONC–ATCB) as being complete Electronic Health Record ("EHR") products (hereinafter "Infringing Products"). Defendants' infringement occurs and has occurred through operation of the Infringing Products, which each practice the method of one or more claims of the '526 patent. Such operation includes Defendant's' own operation (through, among other things, operations by their employees) as well as operation Defendants have done on their behalf, for example, through third parties.

15.     Throughout the claim construction process in the pending matter of *Uniloc USA, Inc. et al v. Epic Systems Corporation* (6:14-cv-00626), later consolidated together with lead case *Uniloc USA, Inc. et al v. E-MDs, Inc.*, (6:14-cv-00635), Epic Systems Corporation ("Epic") argued that the claims of the '526 patent requires a "user" and that as developers of the certified EHR

products listed in Exhibit C, they cannot possibly practice the claims of the '526 patent as a "user." In its claim construction briefing, Epic expressly distinguished "persons involved in the development of the software that embodies the method (e.g., computer programmers and software developers)" from "end users of the software (e.g., healthcare systems and providers)" and argued the claims of the '526 patent required actions that could be performed only by the latter.

16. Uniloc has been and continues to be damaged as a result of Defendants' infringing conduct described in this Count. Defendants are thus liable to Uniloc in an amount that adequately compensates it for Defendants' infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## COUNT II
### (INFRINGEMENT OF THE '451 PATENT)

17. Uniloc incorporates all the preceding paragraphs herein by reference.

18. Uniloc Luxembourg is the owner, by assignment, of the '451 patent, entitled "METHOD AND SYSTEM FOR CONSTRUCTING FORUMLAE FOR PROCESSING MEDICAL DATA." A true and correct copy of the '451 patent is attached as Exhibit B.

19. Uniloc USA is the exclusive licensee of the '451 patent with ownership of all substantial rights in the '451 patent, including the right to grant sublicenses, exclude others and to enforce, sue and recover damages for past and future infringements.

20. The '451 patent is valid, enforceable and was duly issued in full compliance with Title 35 of the United States Code.

21. Defendants directly or through intermediaries has infringed and continues to infringe (literally and/or under the doctrine of equivalents) one or more claims of the '451 patent in this judicial district and elsewhere in Texas, including at least Claim 7, without Uniloc's consent or authorization. Defendants' infringement occurs and has occurred through using the Infringing

Products, and, also, by operation of the Infringing Products, which each practice the method of one or more claims of the '451 patent. Such operation includes Defendants' own operation (through, among other things, operations by their employees) as well as operation Defendants have done on their behalf, for example, through third parties.

22. Throughout the claim construction process in the pending matter of *Uniloc USA, Inc. et al v. Epic Systems Corporation* (6:14-cv-00626), later consolidated together with lead case *Uniloc USA, Inc. et al v. E-MDs, Inc.*, (6:14-cv-00635), Epic argued that the claims of the '451 patent requires a "user" and that as developers of the certified EHR products listed in Exhibit C, they cannot possibly practice the claims of the '451 patent as a "user." In its claim construction briefing, Epic expressly distinguished "persons involved in the development of the software that embodies the method (e.g., computer programmers and software developers)" from "end users of the software (e.g., healthcare systems and providers)" and argued the claims of the '451 patent required actions that could be performed only by the latter.

23. Uniloc has been and continues to be damaged as a result of Defendants' infringing conduct described in this Count. Defendants are thus liable to Uniloc in an amount that adequately compensates it for Defendants' infringement, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## **JURY DEMAND**

24. Uniloc hereby requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## **PRAYER FOR RELIEF**

Uniloc requests that the Court find in its favor and against Defendants, and that the Court grant Uniloc the following relief:

a. Judgment that one or more claims of the '526 and '451 Patents have been infringed, either literally and/or under the doctrine of equivalents, by Defendants;

b. Judgment that Defendants account for and pay to Uniloc all damages to and costs incurred by Uniloc because of Defendants' infringing activities and other conduct complained of herein;

c. That Uniloc be granted pre-judgment and post-judgment interest on the damages caused by Defendants' infringing activities and other conduct complained of herein; and

d. That Uniloc be granted such other and further relief as the Court may deem just and proper under the circumstances.

**Dated:** May 13, 2016

Respectfully submitted,

*/s/ James L. Etheridge*

James L. Etheridge
Texas State Bar No. 24059147
Ryan S. Loveless
Texas State Bar No. 24036997
Brett A. Mangrum
Texas State Bar No. 24065671
Travis L. Richins
Texas State Bar No. 24061296
ETHERIDGE LAW GROUP, PLLC
2600 E. Southlake Blvd., Suite 120 / 324
Southlake, Texas 76092
Telephone: (817) 470-7249
Facsimile: (817) 887-5950
Jim@EtheridgeLaw.com
Ryan@EtheridgeLaw.com
Brett@EtheridgeLaw.com
Travis@EtheridgeLaw.com

*Counsel for Plaintiffs Uniloc USA, Inc. and Uniloc Luxembourg S.A.*